IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CASTRO,<br><br>        Plaintiffs,<br><br>  v.<br><br>CITY OF UNION CITY, et al.,<br><br>        Defendants.<br>_____ / | No. 14-0272 MMC<br><br>**ORDER DISMISSING WITHOUT PREJUDICE ALL CLAIMS AGAINST DEFENDANTS SAU NGUYEN, MASSINGHAM & ASSOCIATES, AND CATHY MOUNT** |

      Before the Court is plaintiff's response, filed July 9, 2014, to the Court's order, filed June 25, 2014, directing plaintiff to show cause why his claims against defendants Sau Nguyen ("Nguyen"), Massingham & Associates ("Massingham"), and Cathy Mount ("Mount") should not be dismissed for failure to serve said defendants within 120 days after January 16, 2014, the date on which he filed his complaint. See Fed. R. Civ. P. 4(m).

      In his response, plaintiff acknowledges he has not served Nguyen, Massingham, or Mount, and, in essence, argues he should be afforded additional time to do so. Consequently, the Court considers whether plaintiff has shown good cause for an extension of time or that he should be afforded an extension due to excusable neglect. See Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (holding claims against defendants not served within time set forth in Rule 4(m) are subject to dismissal in absence

of showing by plaintiff of "good cause or excusable neglect").

Plaintiff asserts he has not served Nguyen because, according to plaintiff, the "Superior Court in Fremont, Ca., will not give the plaintiff access to [where] defendant Sau Nguyen resides."  (See Pl.'s Response at ¶ 7.)  Plaintiff fails to show that the Superior Court has any duty, and the Court finds it does not, to provide plaintiff with assistance in locating where Nguyen may reside.  Further, plaintiff fails to identify any other step he has taken to determine Nguyen's location.

With respect to Massingham, which is or was plaintiff's employer, and Mount, who is or was plaintiff's supervisor, plaintiff fails to identify any impediment existed to his serving those defendants within the applicable 120-day period or that any such impediment presently exists.  Rather, plaintiff asserts, he does not wish to serve them until after a criminal case presently pending against plaintiff in state court has been resolved.[1]  Plaintiff fails to show why Massingham and Mount should not be made aware of plaintiff's claims until after the criminal case concludes, and, indeed, such delay may well prejudice said defendants who have no notice of the need to preserve evidence that may be relevant to possible defenses to plaintiff's civil claims.  In any event, plaintiff's unilateral decision to delay service for strategic reasons does not constitute good cause for his failure to serve or establish excusable neglect.  See In re Kirkland, 86 F.3d 172, 174, 176 (10th Cir. 1996) (affirming dismissal of complaint for failure to timely serve defendant, where plaintiffs asserted they "waited to serve" defendant for "strategic reasons," based on pendency of other "ongoing legal proceedings").  Further, plaintiff will suffer no prejudice by reason of a dismissal, as the events giving rise to his claims occurred in February 2013 and the applicable statute of limitations is two years.

Accordingly, plaintiff having failed to show good cause or excusable neglect, plaintiff's claims against Nguyen, Massingham, and Mount are hereby DISMISSED, without

---

[1] In the criminal case, according to plaintiff, he is accused of assaulting Nguyen.  In the instant civil action, plaintiff alleges that Nguyen assaulted him while he was at work and that Massingham "provided inadequate security" at the workplace  (See Compl. ¶ 17.)

prejudice to plaintiff's refiling his claims against said defendants in a separate action or actions.

**IT IS SO ORDERED.**

Dated: July 11, 2014

MAXINE M. CHESNEY
United States District Judge