UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GARY CASTRO,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF UNION CITY, et al.,<br><br>        Defendants. | Case No.  14-cv-00272-MEJ<br><br>**ORDER RE: MOTION TO DISMISS, MOTION TO STAY**<br><br>Re: Dkt. No. 9, 36 |

**INTRODUCTION**

Plaintiff Gary Castro, who is proceeding pro se in this action, alleges violations of 42 U.S.C. § 1983 and related state law claims against Defendants[1] based on his arrest and detention in 2013. Pending before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkt. No. 9. Although Plaintiff has not filed an Opposition to Defendants' Motion, he has filed a request to stay the case to allow him to obtain counsel and file an amended complaint. Dkt. No. 36. All parties have consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c). Dkt. Nos. 3, 12. The Court finds these matters suitable for disposition without oral argument and VACATES the September 11, 2014 hearing. Civ. L.R. 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion WITH LEAVE TO AMEND for the reasons set forth below. Although the Court does not find a formal stay necessary, the Court shall permit Plaintiff six months to file his amended complaint.

---

[1] Defendants are City of Union City (the "City"), City of Union City Police Department, Chief of Police Brian Foley, and Officer Christopher Figueiredo. Sau Nguyen, Massingham & Associates, and Cathy Mount were dismissed on July 11, 2014. Dkt. No. 30.

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BACKGROUND**

The following background is taken from Plaintiff's Complaint.  Dkt. No. 1.  Plaintiff worked as a maintenance man for a multi-townhouse community in Union City.  Compl. ¶ 11.  He is also a resident of the townhouse community.  *Id.*  Plaintiff alleges that, on February 4, 2013, he observed a man dump garbage on the ground while looking for recyclables.  *Id.* ¶ 18.  He recognized the man as Sau Nguyen, a repeated trespasser, and yelled at him to leave the property.  *Id.* ¶¶ 7, 18.  Nguyen grabbed his bag and ran away.  *Id.*  Plaintiff – along with another resident – proceeded to search the area and found Nguyen lying on his back.  *Id.*  The second resident took the bag of recyclables and left.  *Id.*  Plaintiff noticed Nguyen seemed visibly upset.  *Id.*  Nguyen got up and ran toward Plaintiff, with a bloody thumb extended out in front of him.  *Id.*  Plaintiff alleges Nguyen tried to wipe blood on him.  *Id.*  Although Plaintiff tried to avoid him, Nguyen charged at full speed into his midsection, causing Plaintiff to fall backward onto the pavement.  *Id.*  Nguyen lunged after Plaintiff a second time, but Plaintiff lifted his foot, causing Nguyen to stumble backwards on the grass.  *Id.*

When police arrived at the scene, Plaintiff approached the nearest officer, introduced himself as the maintenance man of the property, and explained that Nguyen had attacked and seriously injured him.  *Id.* ¶ 23.  Although he requested that the officer arrest Nguyen, Plaintiff was grabbed by his jacket, placed over the trunk of a patrol car, and placed in handcuffs.  *Id.*  Plaintiff alleges that the police refused to gather evidence, including the bag of recyclables, clothing, photos, and blood sample, and ignored residents' statements that they witnessed Nguyen assault Plaintiff.  *Id.* ¶ 24.

Plaintiff was arrested and transported to the Union City Police Department by Officer Figueiredo.  *Id.* ¶ 27.  Once there, Plaintiff complained of severe pain to his tailbone, head, shoulder, and elbow, and he had trouble standing.  *Id.* ¶ 28.  An ambulance was summoned, which took him to the hospital.  *Id.*  Before leaving the Police Department, Officer Figueiredo took photographs of Plaintiff's injuries.  *Id.*  Plaintiff was diagnosed with a right elbow contusion, acute low back pain, deep cervical sprain, abrasions to his lower back, and a left shoulder sprain.  *Id.* ¶ 30.  After being treated, Plaintiff was discharged back into police custody.  *Id.* ¶ 32.  They took

United States District Court
Northern District of California

1    him to Fremont City Jail for processing, but Plaintiff was having difficulty breathing, dizziness,

2    blurred vision, slurred speech, and numbness on the left side of his body.  *Id.* ¶ 32.  The jail

3    processor told Officer Figueiredo that they could not accept Plaintiff because they did not have

4    medical staff on duty.  *Id.*

5            Officer Figueiredo proceeded to take Plaintiff back to the hospital, where he was diagnosed

6    with hyperventilation, stress, and anxiety attacks.  *Id.*  Plaintiff was treated and again released into

7    police custody.  *Id.*  Plaintiff alleges that officers "dragg[ed] him handcuffed on his knees,

8    hyperventilating and screaming in excruciating pain."  *Id.*  He was eventually put into a

9    wheelchair, because he could not walk, and taken to a patrol car.  *Id.*  At some point, Plaintiff was

10   placed in a leather body wrap and his head strapped to his knees.  *Id.* ¶ 34.  A helmet was also

11   placed on his head.  *Id.* ¶ 35.  Plaintiff alleges that, despite his suffering, "officers were leaning

12   against their patrol car drinking beverages, laughing, waving, and taunting [him] through the back

13   window, as he was begging and pleading to officers for relief."  *Id.* ¶ 36.

14           Plaintiff was then transported to Santa Rita County Jail, where he was processed and

15   placed in a cell.  *Id.* ¶¶ 38-42.  He was incarcerated from February 4, 2013, until he bailed himself

16   out on February 8, 2013.  *Id.* ¶ 43.

17           On January 16, 2014, Plaintiff filed the present Complaint.  It alleges ten cause of action:

18   (1) state-law unlawful trespass; (2) Fourth Amendment unlawful arrest; (3) unlawful seizure

19   resulting in violation of due process/equal protection under the Fifth, Eighth, and Fourteenth

20   Amendments; (4) excessive force under the Fifth, Eighth, and Fourteenth Amendments; (5)

21   excessive force under the Fifth, Eighth, and Fourteenth Amendments; (6) due process/equal

22   protection under the Fourteenth Amendment; (7) equal protection under the Fourteenth

23   Amendment; (8) state-law inadequate training; (9) state-law failure to enforce law; and (10) false

24   arrest under the Fourteenth Amendment.[2]  Compl. ¶¶ 49-79.  The first cause of action is alleged

25   _____

26   [2] Plaintiff's claims are not listed in exact numerical order.  For example, the third cause of action
     is titled "the second cause of action against defendants City of Union City, Union City Police
27   Department, and Officer Christopher Figueiredo."  The fourth cause of action is titled "the third
     cause of action against defendants City of Union City, Union City Police Department, and Officer
28   Christopher Figueiredo; the first cause of action against Union City Police Department."  To avoid
     any confusion, the Court refers to all ten causes of action as numbered in this Order.

against Nguyen; the second through tenth causes of action are alleged against the City; the Department; Chief Foley; and/or Officer Figueiredo.  Plaintiff also names as Defendants Massingham & Associates (Plaintiff's employer) and Cathy Mount (Plaintiff's supervisor), (Compl. ¶¶ 8-9), but does not name them in any of his causes of action.

Defendants filed their Motion to Dismiss on April 25, 2014.  They first argue that Plaintiff's Complaint as a whole violates Rule 8 because "[t]he three dozen pages are replete with run-on sentences, redacted names, redundant allegations, and too-long paragraphs."  Mot. at 6.  They also seek dismissal of individual causes of action, as discussed below.

On May 2, 2014, Plaintiff filed a Motion for More Time to Respond, stating that he was injured in a car accident and had lost the use of his vehicle.  Dkt. No. 15.  Although Plaintiff did not request a specific amount of time in which to file his Opposition brief, the Court granted Plaintiff's request and ordered him to file his Opposition by May 22, 2014.  Dkt. No. 20.

In the meantime, Plaintiff declined magistrate jurisdiction in a related case, *Castro v. City of Union City*, C-14-1796 MMC, and both cases were reassigned to the Honorable Maxine M. Chesney.  Dkt. No. 24.  As Plaintiff had not filed proof of service of the summons and complaint upon Sau Nguyen, Massingham & Associates, and Cathy Mount, Judge Chesney ordered Plaintiff to show cause why his claims against these three defendants should not be dismissed for failure to serve within the time required by Rule 4(m).  Dkt. No. 27.  In his response, Plaintiff acknowledged he had not served Nguyen, Massingham, or Mount, but argued he should be afforded additional time to do so.  Dkt. No. 29.  Judge Chesney found that Plaintiff failed to show good cause or excusable neglect for his failure to serve the Defendants in a timely manner and dismissed his claims against Nguyen, Massingham, and Mount without prejudice to Plaintiff's refiling his claims against them in a separate action or actions.  Dkt. No. 30.  At the same time, Judge Chesney dismissed the 14-1796 action as duplicative and, as all remaining parties in this case had consented to magistrate judge jurisdiction, reassigned this case to the undersigned for disposition.  Dkt. No. 31.

On July 15, 2014, the Court reset Defendants' Motion to Dismiss for hearing on September 4, 2014, and ordered Plaintiff to file his Opposition by July 31, 2014.  Dkt. No. 33.  As no

United States District Court
Northern District of California

4

1   response was received by July 31, the Court ordered Plaintiff to file his Opposition by August 14,

2   2014, and warned him that his case would be dismissed for failure to prosecute under Rule 41(b) if

3   he failed to file his Opposition by that date.  Dkt. No. 35.  On August 6, 2014, Plaintiff filed the

4   present Motion to Stay.  Dkt. No. 36.

5                                           **LEGAL STANDARD**

6          Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may file a motion to

7   dismiss based on the failure to state a claim upon which relief may be granted.  A Rule 12(b)(6)

8   motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim

9   to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A

10  facial plausibility standard is not a "probability requirement" but mandates "more than a sheer

11  possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

12  (internal quotations and citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the

13  court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the

14  light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519

15  F.3d 1025, 1031 (9th Cir. 2008).  "[D]ismissal may be based on either a lack of a cognizable legal

16  theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v.*

17  *Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations

18  omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a

19  court to dismiss a claim on the basis of a dispositive issue of law.").

20         Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only

21  required to make "a short and plain statement of the claim showing that the pleader is entitled to

22  relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of

23  a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

24  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

25  dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652

26  F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply

27  recite the elements of a cause of action, but must contain sufficient allegations of underlying facts

28  to give fair notice and to enable the opposing party to defend itself effectively").  The court must

United States District Court
Northern District of California

5

be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 663.  "Determining whether a complaint states a plausible claim for relief . . .

[is] a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense."  *Id.* at 679.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no

request to amend the pleading was made, unless it determines that the pleading could not possibly

be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

banc) (internal quotation marks and citations omitted).

### DISCUSSION

**A.       Whether Plaintiff's Complaint Complies with Rule 8**

Defendants first argue that Plaintiff's Complaint as a whole violates Rule 8 because "[t]he

three dozen pages are replete with run-on sentences, redacted names, redundant allegations, and

too-long paragraphs."  Mot. at 6.  Rule 8 requires Plaintiff to "plead a short and plain statement of

the elements of his … claim."  *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

It requires each allegation to be "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Where the

allegations in a complaint are "argumentative, prolix, replete with redundancy and largely

irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a).  *McHenry v.*

*Renne*, 84 F.3d 1172, 1177, 1178–79 (9th Cir. 1996); *see also Nevijel v. North Coast Life Ins. Co.*,

651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was "'verbose,

confusing and almost entirely conclusory'").  "Something labeled a complaint but ... prolix in

evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing

for what wrongs, fails to perform the essential functions of a complaint," and "impose[s] unfair

burdens on litigants and judges."  *McHenry*, 84 F.3d at 1179-80.  "The propriety of dismissal for

failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit."

*Id.* at 1179.  Even if the factual elements of the cause of action are present, but are scattered

throughout the complaint and are not organized into a "short and plain statement of the claim,"

dismissal for failure to satisfy Rule 8 is proper.  *Id.* at 1178.

Plaintiff's Complaint does not comply with Rule 8.  Instead of providing a simple, short

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    statement of the facts he alleges occurred, Plaintiff's Complaint is replete with too-long

2    paragraphs and duplicative allegations that make it difficult to decipher his claims.  For example,

3    Paragraph 18 is approximately three pages.  Compl. at 6:14-9:11.  Paragraph 32 runs two pages.

4    *Id.* at 14:27-16:27.  However, "verbosity or length is not by itself a basis for dismissing a

5    complaint based on Rule 8(a)."  *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1131 (9th

6    Cir. 2008).  A complaint, even if lengthy, is permissible if it is "coherent, well-organized, and

7    state[s] legally viable claims."  *Id.*

8         Beyond the length of his Complaint, Plaintiff's causes of action are also difficult to

9    decipher.  Rather than separate out (and label) his allegations in individual causes of action (e.g.

10   First Cause of Action: Excessive Force under the Fourth Amendment, pursuant to 42 U.S.C. §

11   1983, alleged against Defendants X, Y, and Z), none of the causes of action are labeled.  Instead,

12   within each one, Plaintiff includes multiple allegations, leaving the Court and Defendants to guess

13   the actual allegation.  For example, in his Third Cause of Action, Plaintiff alleges a false arrest that

14   resulted in violation of his due process and equal protection rights, which in turn violated his Fifth,

15   Eighth, and Fourteenth Amendments.  The second, third, and tenth causes of action all allege

16   unlawful arrest, the fourth and fifth causes of action allege excessive force, and the sixth and

17   seventh causes of action allege violations of equal protection.  Plaintiff's Complaint is not a clean

18   and concise statement of allegations against particular defendants.

19        At the same time, Plaintiff blends legal allegations into his factual allegations.  Paragraphs

20   12, 24, 39, 44, 45, 46, and 47, which contain Plaintiff's factual allegations, also contain legal

21   allegations.  By placing such allegations in the factual portion of the Complaint (rather than under

22   separate causes of action), Plaintiff muddies the water on his actual factual allegations.

23        Given Plaintiff's failure to comply with Rule 8's straightforward pleading requirements,

24   the Court finds dismissal appropriate with leave to amend.  Plaintiff is advised that for each claim,

25   he must, to the best of his ability, specifically identify each defendant, and specify what

26   constitutional right he believes each Defendant has violated.  Importantly, Plaintiff must allege

27   facts regarding the conduct of each Defendant that he asserts gives rise to that Defendant's

28   liability.  A person deprives another of a constitutional right within the meaning of 42 U.S.C. §

7

1    1983 if he does an affirmative act, participates in another's affirmative act, or omits to perform an

2    act which he is legally required to do, that causes the deprivation of which the plaintiff complains.

3    *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988).  Plaintiff must set forth his claims in short and

4    plain terms, simply, concisely and directly.  In addition, the Court addresses Plaintiff's individual

5    claims below.

6    **B.      Plaintiff's Claims Against Union City Police Department Under 42 U.S.C. § 1983**

7            Plaintiff's Fourth (excessive force), Fifth (excessive force); Sixth (equal protection/due

8    process); Seventh (equal protection), and Tenth (due process/equal protection) causes of action all

9    allege 42 U.S.C. § 1983 liability against the Department for one or more constitutional violations.

10   Defendants argue these claims must be dismissed because the Department is not considered a

11   "person" within the meaning of § 1983.

12           Under § 1983, a "person" may be sued for the deprivation of federal rights, and

13   municipalities or other governmental bodies may be sued as a "person."  *Monell v. Dep't of Soc.*

14   *Servs.*, 436 U.S. 658, 690 (1978).  However, the Ninth Circuit has held that these governmental

15   bodies do not include police departments, as "municipal police departments and bureaus are

16   generally not considered 'persons' within the meaning of 42 U.S.C. § 1983."  *United States v.*

17   *Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005); *see also Vance v. Cnty. of Santa Clara*, 928 F. Supp.

18   993, 996 (N.D. Cal. 1996) ("[T]he term 'persons' does not encompass municipal departments.")

19           Given its status as a municipal department, the City of Union City Police Department is

20   not the proper defendant.  As Plaintiff's claims against the Department are properly brought

21   against the City of Union City, which Plaintiff also names, the Court GRANTS Defendants'

22   Motion to Dismiss City of Union City Police Department WITH LEAVE TO AMEND with the

23   City as the proper named Defendant.  For purposes of this Order, the Court will address the City's

24   liability for any claims that are alleged against the Police Department.

25   **C.      Vicarious Liability Against Union City Under 42 U.S.C. § 1983**

26           Plaintiff's Second (unlawful arrest), Third (due process/equal protection), Fourth

27   (excessive force), Fifth (excessive force), Sixth (equal protection/due process), Seventh (equal

28   protection), and Tenth (due process/equal protection) causes of action all allege § 1983 liability

*United States District Court*
*Northern District of California*

against the City for one or more constitutional violations. All are premised upon the conduct of Union City Police Department personnel.

The United States Supreme Court has repeatedly held there is no vicarious liability for municipalities under 42 U.S.C. § 1983. *Monell*, 436 U.S. at 694-95; *Oklahoma v. Brown*, 520 U.S. 397, 403-04 (1997). Municipalities are only liable for their own policy or custom. *Id.* Thus, the City may not be held vicariously liable for any alleged unlawful arrest, excessive use of force, or any other alleged unconstitutional act against Plaintiff. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Second (unlawful arrest), Third (due process/equal protection), Fourth (excessive force), Fifth (excessive force), Sixth (equal protection/due process), Seventh (equal protection), and Tenth (due process/equal protection) causes of action under 42 U.S.C. § 1983 against the City WITHOUT LEAVE TO AMEND.

**D.    Whether Chief Foley is Liable Under § 1983**

In their Motion, Defendants argue that Chief Foley is entitled to dismissal because Plaintiff only alleges the conduct of Officer Figueiredo, whereas Plaintiff's fact pattern does not mention Chief Foley once. Mot. at 8. The Court notes that, although Chief Foley is named in the Complaint, there are no factual allegations specific to him, and Plaintiff does not state whether he is sued in his official or individual capacity.

1.    Official Capacity

Pursuant to *Monell*, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." 436 U.S. at 690 n.55. This is because "[i]n an official capacity suit, the government entity is the real party in interest and the plaintiff must show that the entity's policy or custom played a part in the federal law violation." *Vance*, 928 F. Supp. at 996. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Butler v. Elle*, 281 F.3d 1014, 1023 n.8 (9th Cir. 2002) ("Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded.").

1    As Plaintiff names the City as a defendant, it is unnecessary to also name Chief Foley in

2  his official capacity.  Accordingly, the Court GRANTS Defendants' Motion to Dismiss Chief

3  Foley in his official capacity WITHOUT LEAVE TO AMEND.

4         2.    Individual Capacity

5    Individual liability under § 1983 differs from official liability in that "in a personal-

6  capacity suit, the plaintiff is trying to place liability directly on the state officer for actions taken

7  under state law." *Vance*, 928 F. Supp. at 996 (citing *Hafer v. Melo*, 502 U.S. 21, 25-27 (1991)).

8  Courts "have found supervisorial liability under § 1983 where the supervisor 'was personally

9  involved in the constitutional deprivation or a sufficient causal connection exists between the

10  supervisor's unlawful conduct and the constitutional violation.'" *Edgerly v. City and Cnty. of San*

11  *Francisco*, 599 F.3d 946, 961 (9th Cir. 2010) (quoting *Lolli v. Cnty. of Orange*, 351 F.3d 410, 418

12  (9th Cir. 2003)).

13    Supervisors can be "individually liable in § 1983 suits when culpable action, or inaction, is

14  directly attributable to them.  [Courts] have never required a plaintiff to allege that a supervisor

15  was physically present when the injury occurred." *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir.

16  2011).  Indeed, the supervisor does not need to be "directly and personally involved in the same

17  way as are the individual officers who are on the scene inflicting constitutional injury." *Larez v.*

18  *City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991).  Liability may also be imposed if "a

19  sufficient causal connection exists between the supervisor's unlawful conduct and the

20  constitutional violation." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074-75 (9th

21  Cir. 2013) (internal quotation omitted).

22    Here, Plaintiff has failed to plead factual content establishing how Chief Foley, as a

23  supervisor, took culpable action or inaction which resulted in his purported constitutional

24  deprivation.  In fact, Plaintiff pleads no facts at all against Chief Foley.  Although he is not

25  required to have personally participated in the alleged conduct in order for him to be held

26  individually liable, Plaintiff must still allege facts showing unlawful conduct on Chief Foley's part

27  and a causal connection between his conduct and the alleged constitutional violations.  *See Starr*,

28  652 F.3d at 1205-06 ("[T]he supervisor's participation could include his own culpable action or

United States District Court
Northern District of California

United States District Court
Northern District of California

1  inaction in the training, supervision, or control of his subordinates." (internal quotation omitted)).

2  Plaintiff must allege specific facts indicating Chief Foley's action or inaction.  *See Moss v. U.S.*

3  *Secret Service*, 711 F.3d 941, 968 (9th Cir. 2013) (finding plaintiffs failed to establish supervisors'

4  role in alleged constitutional deprivations where they failed to specify "which actions [the

5  supervisors] directed or approved" and "failed to allege facts . . . about the officers' training or

6  supervision, nor do they specify in what way any such training was deficient").

7      In light of this analysis, the Court finds that Plaintiff has failed to "allege *some* culpable

8  action or inaction for which a supervisor may be held liable."  *Id.* (emphasis in original).  Thus,

9  Plaintiff's claims against Chief Foley, in his individual capacity, are DISMISSED WITH LEAVE

10  TO AMEND.

11  **E.     Plaintiff's Third Cause of Action**

12      Plaintiff's third cause of action concerns his arrest and detention.  Compl. ¶ 57.  He

13  alleges: (1) due process under the Fifth Amendment; (2) equal protection under the Fifth

14  Amendment; (3) due process under the Eighth Amendment; (4) equal protection under the Eighth

15  Amendment; (5) due process under the Fourteenth Amendment; and (6) equal protection under the

16  Fourteenth Amendment.

17          1.     Fifth Amendment

18      Plaintiff's Fifth Amendment claims fail because the Amendment only applies to federal

19  officers.  *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) ("Bingue first argues that

20  Prunchak's actions run afoul of the Fifth Amendment.  This claim is plainly foreclosed by the

21  Constitution.  Prunchak is a local law enforcement official, and the Fifth Amendment's due

22  process clause only applies to the federal government.") (internal citations and quotations

23  omitted).  The City, Chief  Foley, and Officer Figueiredo are not federal entities or officers.  As

24  alleged in Paragraph 1 of the Complaint, the City is a municipal corporation organized under the

25  laws of the State of California.  As alleged in Paragraph 2 of the Complaint, Chief Foley and

26  Officer Figueiredo were employees of the City.  Accordingly, Plaintiff's Fifth Amendment claims

27  are DISMISSED WITHOUT LEAVE TO AMEND.

28

1          2.      Eighth Amendment

2          The Eighth Amendment claims fail because the Amendment only applies post-conviction.

3    *Whitley v. Albers*, 475 U.S. 312, 327 (1986); *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)

4    Graham, 490 U.S. at 395 n. 10.  Accordingly, Plaintiff's Eighth Amendment claims are

5    DISMISSED WITHOUT LEAVE TO AMEND.

6          3.      Fourteenth Amendment

7                  a.      *Due Process*

8          The Due Process Clause of the Fourteenth Amendment prohibits states from depriving

9    "any person of life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV,

10   § 1.  This provision imposes "procedural limitations on a State's power to take away protected

11   entitlements."  *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67 (2009).

12   It provides individuals with the right to both substantive and procedural due process.  However,

13   the Supreme Court has been reluctant to view claims for constitutional wrongs as sounding in

14   substantive due process when the wrong complained of could more aptly be placed within "the

15   specific guarantees of the various provisions of the Bill of Rights."  *Albright v. Oliver*, 510 U.S.

16   266, 273 (1994).  In *Albright*, the Court rejected a petitioner's claim that his arrest without

17   probable cause violated his substantive due process rights.  Holding instead that "it is the Fourth

18   Amendment . . . under which petitioner Albright's claim must be judged," the Court stated,

19   "where a particular Amendment provides an explicit textual source of constitutional protection

20   against a particular sort of government behavior, that Amendment, not the more generalized

21   notion of substantive due process, must be the guide for analyzing these claims."  *Id.*  Likewise,

22   the Court in *Graham* refused to construe a petitioner's excessive force claim as a violation of his

23   substantive due process rights when it could more appropriately be framed as a violation of his

24   rights under the Fourth Amendment.  490 U.S. at 395 (holding that "because the Fourth

25   Amendment provides an explicit textual source of constitutional protection against this sort of

26   physically intrusive governmental conduct, that Amendment, not the more generalized notion of

27   'substantive due process,' must be the guide for analyzing these claims.").

28          Here, Plaintiff's third cause of action seeks damages for unlawful arrest, excessive force,

United States District Court
Northern District of California

12

and unlawful seizure.  Compl. ¶ 57.  The Supreme Court has made clear that unlawful arrest and excessive force fall within the Fourth Amendment.  *Id.* at 395; *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843-844 (1998).  The Fourth Amendment also protects against unlawful seizures. *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005); *Soldal v. Cook Cnty.*, 506 U.S. 56, 61 (1992) (A seizure results if "there is some meaningful interference with an individual's possessory interests in that property.").  The clear focus of the Complaint is that Plaintiff was arrested and detained without probable cause.  As in *Albright*, the Fourth Amendment, which proscribes unreasonable searches and seizures, is the proper "constitutional peg" on which to hang Plaintiff's allegations regarding unlawful arrest and detention.  *Albright*, 510 U.S. at 270 n. 4; *see also Podesta v. City of San Leandro*, 2005 WL 2333802, at *4 (N.D. Cal. Sept.21, 2005) (finding that where the "gravamen of [plaintiff's] Complaint is that he was subjected to an unreasonable search and seizure and possibly excessive force," § 1983 claims were properly brought under the Fourth Amendment rather than the Fourteenth Amendment).

Based on this analysis, Defendants' Motion is GRANTED WITHOUT LEAVE TO AMEND as to Plaintiff's substantive due process claim under the Fourteenth Amendment.

### b.    Procedural Due Process

Procedural due process requires that the government's deprivation of life, liberty, or property "be implemented in a fair manner."  *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotation marks and citation omitted).  To state a claim for a violation of procedural due process, a plaintiff must allege facts sufficient to show "'(1) a protected liberty or property interest [,] and (2) a denial of adequate procedural protections.'"  *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 716 (9th Cir. 2011) (quoting *Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998) (internal citation omitted)).

Plaintiff alleges that Defendants seized him, forcibly restrained him, and placed him in the Alameda County Jail without his consent.  Compl. ¶ 57.  Although he appears to allege a deprivation of liberty interests based on being free from unlawful arrest, he identifies no procedural protections that he was denied that could form a basis for a claim of denial of procedural due process.  *Cannon v. City of Petaluma*, 2012 WL 1183732, at *12 (N.D. Cal. Apr.

6, 2012)  Moreover, as discussed above, "courts apply Fourth Amendment, rather than general due process, standards to claims of unconstitutional seizures of the person." *Id.* (citing *Larson v. Neimi*, 9 F.3d 1397, 1400-01 (9th Cir. 1993)  Thus, the constitutionality of Plaintiff's arrest may be challenged only under the Fourth Amendment.  *Id.* (citing *Albright*, 510 U.S. at 268-75); *Larson*, 9 F.3d at 1400-01.

Based on this analysis, Defendants' Motion is GRANTED WITHOUT LEAVE TO AMEND as to Plaintiff's procedural due process claim under the Fourteenth Amendment.

###### c.      Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  In order to state a claim under § 1983 for "a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994).

Here, although Plaintiff alleges equal protection violations, he alleges no facts in support of this claim.  Plaintiff may satisfy this standard by alleging facts showing that a particular defendant or defendants treated him differently from others similarly situated; that this unequal treatment was based on considerations of a protected class, such as race; that the defendant(s) acted with discriminatory intent in applying this classification; and that Plaintiff suffered injury as a result of the discriminatory classification. *See, e.g., Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979); *Lam v. City and Cnty. of San Francisco*, 868 F. Supp. 2d 928, 951 (N.D. Cal. 2012).  Plaintiff must allege specific facts as to each defendant, showing that the defendant engaged in discriminatory or harassing conduct, that the conduct was intentional, and that the conduct was motivated by considerations of Plaintiff's membership in a protected class. *Brown v.*

*Contra Costa Cnty.*, 2013 WL 5422947, at *7 (N.D. Cal. Sept. 27, 2013).  He must also allege

facts showing that there were similarly-situated individuals not in his protected class who were

treated more favorably.  *Id.*  Accordingly, the Court DISMISSES his equal protection claim WITH

LEAVE TO AMEND.

**F.      Plaintiff's Fourth Cause of Action**

In his fourth cause of action, Plaintiff alleges that Officer Figueiredo intentionally filed a

false police report in order to arrest him.  Compl. ¶ 63.  He also alleges that officers attacked and

abused him by unlawfully placing him in a body wrap.  *Id.*  Plaintiff alleges: (1) excessive force

under the Fifth Amendment; (2) excessive force under the Eighth Amendment; and (3) excessive

force under the Fourteenth Amendment.  For the same reasons discussed above, Plaintiff's Fifth

and Eighth Amendment claims fail as a matter of law.  Accordingly, these claims are DISMISSED

WITHOUT LEAVE TO AMEND.  As to Plaintiff excessive force claim under the Fourteenth

Amendment, it is properly analyzed under the Fourth Amendment.  *Graham v. Connor*, 490 U.S.

at 395.  Accordingly, this claim is also DISMISSED WITHOUT LEAVE TO AMEND.  However,

Plaintiff may re-plead this claim under the Fourth Amendment.

As to Plaintiff's false police report allegation, the Ninth Circuit has recognized "a clearly

established constitutional due process right not to be subjected to criminal charges on the basis of

false evidence that was deliberately fabricated by the government."  *Devereaux v. Abbey*, 263 F.3d

1070, 1074-75 (9th Cir. 2001); *see also Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d

1101, 1111 (9th Cir. 2010) (relying on *Devereaux* to hold that a state investigator "who

deliberately mischaracterizes witness statements in her investigative report also commits a

constitutional violation").  Accordingly, this claim is DISMISSED WITH LEAVE TO AMEND.

Plaintiff is granted leave to amend this claim as one for substantive due process under the

Fourteenth Amendment.  To state such a claim, Plaintiff must,

> at a minimum, point to evidence that supports at least one of the
> following two propositions: (1) Defendants continued their
> investigation of [plaintiff] despite the fact that they knew or should
> have known that he was innocent; or (2) Defendants used
> investigative techniques that were so coercive and abusive that they
> knew or should have known that those techniques would yield false
> information.

United States District Court
Northern District of California

*Devereaux*, 263 F.3d at 1076.

**G.      Plaintiff's Fifth Cause of Action**

Plaintiff's fifth cause of action concerns unspecified use of force against him, stating only that "Plaintiff was the victim of punishment administered in a grossly disproprate [sic] manner." Compl. ¶ 69.  It alleges: (1) excessive force under the Fifth Amendment; (2) excessive force under the Eighth Amendment; and (3) excessive force under the Fourteenth Amendment.  This cause of action is duplicative of Plaintiff's claims discussed above.  For the same reasons, Plaintiff's Fifth and Eighth Amendment claims fail as a matter of law and are DISMISSED WITHOUT LEAVE TO AMEND.  As to Plaintiff's excessive force claim under the Fourteenth Amendment, it is properly analyzed under the Fourth Amendment.  *Graham v. Connor*, 490 U.S. at 395. Accordingly, this claim is also DISMISSED WITHOUT LEAVE TO AMEND.  However, Plaintiff may re-plead this claim under the Fourth Amendment.

**H.      Plaintiff's Sixth Cause of Action**

Plaintiff's sixth cause of action alleges violation of due process and equal protection under the Fourteenth Amendment.  Compl. ¶¶ 70-71.  It does not allege any supporting factual allegations.  *Id.*  Plaintiff just asserts that "as a further result of the above described acts," his civil rights were violated.  *Id.*  This is insufficient.  Further, this cause of action also fails because it is duplicative.  Accordingly, Plaintiff's sixth cause of action is DISMISSED WITHOUT LEAVE TO AMEND.

**I.      Plaintiff's Seventh Cause of Action**

Plaintiff's seventh cause of action concerns police failure to act.  Plaintiff alleges that Defendants refused to: (1) take statements from him and other witnesses; (2) gather evidence; (3) accept Plaintiff's request that he wanted to place the trespasser under citizen's arrest; (4) allow Plaintiff to file a criminal complaint against the trespasser; and (5) investigate Plaintiff's initial complaint of the incident.  Compl. ¶ 73.  It also alleges a violation of the Fourteenth Amendment right to equal protection.  *Id.*

1.      Equal Protection

As to Plaintiff's equal protection claim, he alleges no facts that show a particular defendant

United States District Court
Northern District of California

or defendants treated him differently from others similarly situated.  As discussed above, Plaintiff

must allege specific facts as to each defendant, showing that the defendant engaged in

discriminatory or harassing conduct, that the conduct was intentional, that the conduct was

motivated by considerations of Plaintiff's membership in a protected class, and that there were

similarly-situated individuals not in his protected class who were treated more favorably.

Accordingly, the Court DISMISSES his equal protection claim WITH LEAVE TO AMEND.

> 2.   <u>Negligence for Failure to Act</u>

As to Plaintiff's allegations regarding Defendants' failure to act, "one has no duty to come

to the aid of another."  *Williams v. State of California*, 34 Cal. 3d 18, 23 (1983).  Thus, "[a] person

who has not created a peril is not liable in tort merely for failure to take affirmative action to assist

or protect another unless there is some relationship between them which gives rise to a duty to

act."  *Id.*

"In keeping with this notion that police officers are not ordinarily personally accountable

to individual citizens in need of assistance '[r]ecovery has been denied . . . for injuries caused by

the failure of police personnel to respond to requests for assistance, the failure to investigate

properly, or the failure to investigate at all, where the police had not induced reliance on a

promise, express or implied, that they would provide protection."  *Adams v. City of Fremont*, 68

Cal. App. 4th 243, 279 (1998) (citing *Williams*, 34 Cal. 3d at 25); *see also Tennison v. City &*

*Cnty. of San Francisco*, 2006 WL 733470, at *24 (N.D. Cal. Mar. 22, 2006) ("There is no

constitutional right to have witnesses interviewed in a particular manner or to have the

investigation carried on in a particular way.") (citation omitted).

Here, because Plaintiff's allegations all relate to Officer Figueiredo's failure to investigate

and respond to Plaintiff's request to arrest Nguyen, the Court finds he had no duty to act.  Thus,

Plaintiff's claim for failure to act fails as to Officer Figueiredo.

Plaintiff's claim also fails against the City.  Direct liability of a governmental agency must

be based on a statute that declares the governmental entity to be liable or creates a specific duty of

care.  Cal. Gov't Code § 815; *de Villers v. Cnty. of San Diego*, 156 Cal. App. 4th 238, 247 (2007).

As a condition to recovery against a local government entity based on direct liability, an injured

United States District Court
Northern District of California

party must identify a specific statute declaring the entity to be liable or creating a duty of care by the entity toward the injured party.  *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1183 (2003).  Plaintiff has not identified such a statute, and California courts of appeal have held that no statutory basis exists for a claim of direct liability based on a public entity's negligent hiring, policymaking, and supervision.  *See Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1113 (2004); *de Villers*, 156 Cal. App. 4th at 252-53.  To the extent that it is premised on a direct liability theory, Plaintiff's negligence claim against the City is therefore DISMISSED WITHOUT LEAVE TO AMEND.

Further, because there is no liability as to Officer Figueiredo, there can be no vicarious liability against the City.  Cal. Gov't Code § 815.2(a) (a governmental agency may be held vicariously liable for the torts of its employees acting within the scope of their employment).  Accordingly, the Court DISMISSES Plaintiff's failure to act claim WITHOUT LEAVE TO AMEND.

**J.     Plaintiff's Eighth Cause of Action**

Plaintiff's eighth cause of action concerns failure to train and supervise police on use of a body wrap.  Compl. ¶ 75.  Plaintiff alleges that Defendants failed to provide training regarding the lawful use of a body wrap when a person is suffering from a severe medical condition.  *Id.*  He alleges negligence and deliberate indifference against the City, Chief Foley, and Officer Figueiredo.

1.     Officer Figueiredo

Defendants argue that Plaintiff's negligence claim against Officer Figueiredo should be dismissed because he has not alleged facts establishing that Officer Figueiredo owed him a duty of care or that he breached that duty.  Mot. at 12.  To establish the negligence of a police officer under California law, a plaintiff must demonstrate that (1) the officer owed the plaintiff a duty of care, (2) the officer breached the duty by failing to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise, (3) there was a proximate causal connection between the officer's negligent conduct and the resulting injury to the plaintiff, and (4) the officer's negligence resulted in actual loss or damage to the plaintiff.  *Harris v. Smith*, 157

United States District Court
Northern District of California

Cal. App. 3d 100, 104 (1984) (citations and internal quotation marks omitted).

"[L]aw enforcement officers, like other members of the public, generally do not have a legal duty to come to the aid of [another] person." *Zelig v. Cnty. of Los Angeles*, 27 Cal. 4th 1112, 1129 (2002) (citation omitted) (alteration in original).   However, "[l]iability may be imposed . . . if an officer undertakes affirmative acts that increase the risk of harm to the plaintiff." *Id.* (citations omitted).  Moreover, in *Hernandez v. City of Pomona*, the California Supreme Court held that the determination whether officers breached a legal duty in a negligence cause of action was coterminous with the determination whether they acted reasonably for Fourth Amendment purposes.  46 Cal. 4th 501, 513-15 (2009); *see also Robinson v. Solano Cnty.*, 278 F.3d 1007, 1016 (9th Cir. 2002) (en banc).

Here, taking Plaintiff's allegations as true, the Court finds that he has established that Officer Figueiredo owed him a duty of care.  Further, as discussed above, the Court finds that Plaintiff can state a Fourth Amendment claim against him.  Accordingly, Defendants' Motion as to Plaintiff's negligence claim against Officer Figueiredo is DENIED.

2.      The City

Defendants move to dismiss Plaintiff's negligence claim against the City based on his failure to specify a statutory basis for his claim.  Mot. at 11-12.  The Court finds that Plaintiff has not alleged a sufficient basis for finding the City directly liable under California law.  Direct liability of a governmental agency must be based on a statute that declares the governmental entity to be liable or creates a specific duty of care.  Cal. Gov't Code § 815; *de Villers*, 156 Cal. App. 4th at 247.  As a condition to recovery against a local government entity based on direct liability, an injured party must identify a specific statute declaring the entity to be liable or creating a duty of care by the entity toward the injured party.  *Eastburn*, 31 Cal. 4th at 1183.  Plaintiff has not identified such a statute, and California courts of appeal have held that no statutory basis exists for a claim of direct liability based on a public entity's negligent hiring, policymaking, and supervision.  *See Munoz*, 120 Cal. App. 4th at 1113; *de Villers*, 156 Cal. App. 4th at 252-53.  To the extent that it is premised on a direct liability theory, Plaintiff's negligence claim against the City is therefore DISMISSED WITHOUT LEAVE TO AMEND.

United States District Court
Northern District of California

However, under California Government Code section 815.2(a), a governmental agency may be held vicariously liable for the torts of its employees acting within the scope of their employment.  Because Officer Figueiredo was acting in the scope of his employment, the City can be held vicariously liable for his negligence.  Whereas *Monell* imposes liability on municipalities only if the agency adopted illegal or unconstitutional policies or customs, section 815.2 "imposes liability on counties under the doctrine of respondeat superior for acts of county employees." *Cameron v. Craig*, 713 F.3d 1012, 1023 (9th Cir. 2013) (quoting *Robinson*, 278 F.3d at 1016. Accordingly, since California Government Code section 815.2 extends vicarious liability to the City, Defendants' Motion is DENIED as to the City's vicarious liability.  However, Plaintiff must amend his Complaint to include this statutory authority.

### 3. Chief Foley

Plaintiff alleges that Chief Foley is liable for negligence because he failed "to provide training and supervision regarding the lawful use of a body wrap when a person is suffering from a severe medical condition."  Compl. ¶ 75.  Defendants argue that this claim fails because Plaintiff does not allege sufficient facts for an inadequate training claim.  Mot. at 12.  Just as public entities are immune from direct common law claims of negligence, so too are police chiefs.  *Manning v. City of Rohnert Park*, 2006 WL 3591149, at *8 (N.D. Cal. Dec. 11, 2006) (citing *Munoz*, 120 Cal. App. 4th at 1111-12 (rejecting a claim for negligent training against a police chief and reversing the portion of a jury's verdict, assigning liability based on a theory of direct negligence for not developing clearer police procedures or better officer training, against both the city and the police chief).  Thus, as there is no statutory basis for liability, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's negligence claim against Chief Foley WITHOUT LEAVE TO AMEND.

### K. Plaintiff's Ninth Cause of Action

Plaintiff's ninth cause of action concerns failure to enforce laws (e.g. failure to take statements, make arrest(s), or gather evidence at a scene).  Compl. ¶ 77.  Although Plaintiff does not state a specific cause of action, he appears to allege state-law failure to enforce against the City, Chief Foley, and Officer Figueiredo.  Defendants argue that this claim fails due to state law immunity provided by California Government Code sections 818.2, 820.2, 821, and 846.  Mot. at

13.

The Court agrees that Defendants are entitled to immunity under section 846 for any claim that they are liable for injuries as a result of Officer Figueiredo's failure to arrest Nguyen. Pursuant to section 846, "Neither a public entity nor a public employee is liable for injury caused by the failure to make an arrest or by the failure to retain an arrested person in custody." Cal. Gov't Code § 846. Further, under section 821, "A public employee is not liable for an injury caused by his adoption of or failure to adopt an enactment or by his failure to enforce an enactment."

Section 820.2 states that "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." "A decision to arrest, or to take some protective action less drastic than arrest, is an exercise of discretion for which a peace officer may not be held liable in tort." *McCarthy v. Frost*, 33 Cal. App. 3d 872, 875 (1973) (citing *Michenfelder v. City of Torrance*, 28 Cal. App. 3d 202, 206-07 (1972)). *McCarthy* also extended this discretion (and immunity) to the decision to investigate or not investigate. *Id.* Here, officers allegedly arrived on-scene and did not arrest Plaintiff's attacker. These are discretionary acts that fall within the statutory immunity. Accordingly, Defendants' Motion is GRANTED and this claim is DISMISSED WITHOUT LEAVE TO AMEND.

**L.      Plaintiff's Tenth Cause of Action**

Plaintiff's tenth cause of action concerns false arrest under the Fourteenth Amendment. Compl. ¶ 79. It is alleged against the City, Chief Foley, and Officer Figueiredo. *Id.* However, as discussed above, there can be no liability against the City and Chief Foley based on unlawful arrest. Further, any unlawful arrest claim against Officer Figueiredo falls within the Fourth Amendment, and Plaintiff already has a Fourth Amendment unlawful arrest claim – his second cause of action. Accordingly, Plaintiff's tenth cause of action is duplicative and is therefore DISMISSED WITHOUT LEAVE TO AMEND.

**M.      Punitive Damages**

Plaintiff seeks punitive damages against all Defendants.  Compl. ¶ 90.  Defendants move to dismiss allegations of entitlement to punitive damages against the City on the grounds that they are not recoverable against a municipal defendant.  Mot. at 14.  Punitive damages are not recoverable against a public entity as a matter of state and federal law.  Cal. Gov. Code § 818; *City of Newport v. Facts Concert, Inc.*, 453 U.S. 247, 271 (1981).  However, Plaintiff is free to seek punitive damages against the individual defendants.  *See, e.g., C.N. v. Wolf*, 410 F. Supp. 2d 894, 904 (C.D. Cal. 2005).  Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's punitive damage allegations against the City WITHOUT LEAVE TO AMEND.

## CONCLUSION

Based on the analysis above, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss as follows:

City of Union City Police Department: Defendants' Motion is GRANTED.  All claims against the Department are DISMISSED WITH LEAVE TO AMEND, with the City as the proper Defendant for these claims.

Vicarious Liability Against the City under 42 U.S.C. § 1983: Defendants' Motion is GRANTED.  Plaintiff's claims are DISMISSED WITHOUT LEAVE TO AMEND.

Claims Against Chief Foley under 42 U.S.C. § 1983: Defendants' Motion is GRANTED.  Plaintiff's claims against Chief Foley in his official capacity are DISMISSED WITHOUT LEAVE TO AMEND.  Plaintiff's claims against Chief Foley in his individual capacity are DISMISSED WITH LEAVE TO AMEND.

Third Cause of Action: Defendants' Motion is GRANTED.  Plaintiff's Third Cause of Action is DISMISSED WITHOUT LEAVE TO AMEND as to the Fifth, Eighth, and Fourteenth Amendment Due Process claims; and DISMISSED WITH LEAVE TO AMEND as to the Fourteenth Amendment Equal Protection claim.

Fourth Cause of Action: Defendants' Motion is GRANTED.  Plaintiff's Fourth Cause of Action is DISMISSED WITHOUT LEAVE TO AMEND as to the Fifth, Eighth, and Fourteenth Amendment claims, although Plaintiff may re-plead his excessive force claim under the

United States District Court
Northern District of California

Fourth Amendment; and DISMISSED WITH LEAVE TO AMEND as to the false report

claim.

Fifth Cause of Action: Defendants' Motion is GRANTED.  Plaintiff's Fifth Cause of Action is

DISMISSED WITHOUT LEAVE TO AMEND.

Sixth Cause of Action: Defendants' Motion is GRANTED.  Plaintiff's Sixth Cause of Action is

DISMISSED WITHOUT LEAVE TO AMEND.

Seventh Cause of Action: Defendants' Motion is GRANTED.  Plaintiff's Seventh Cause of Action

is DISMISSED WITH LEAVE TO AMEND as to the Equal Protection claim; and

DISMISSED WITHOUT LEAVE TO AMEND as to the negligence for failure to act

claim.

Eighth Cause of Action: Defendants' Motion is GRANTED IN PART and DENIED IN PART.

Defendants' Motion is DENIED as to Plaintiff's negligence claim against Officer

Figueiredo and his claim for vicarious liability against the City.  Plaintiff's Eighth Cause of

Action is DISMISSED WITHOUT LEAVE TO AMEND as to his direct negligence

claims against the City and Chief Foley.

Ninth Cause of Action: Defendants' Motion is GRANTED.  Plaintiff's Ninth Cause of Action is

DISMISSED WITHOUT LEAVE TO AMEND.

Tenth Cause of Action: Defendants' Motion is GRANTED.  Plaintiff's Tenth Cause of Action is

DISMISSED WITHOUT LEAVE TO AMEND.

Punitive Damages Against The City: Defendants' Motion is GRANTED.  Plaintiff's claim for

punitive damages is DISMISSED  WITHOUT LEAVE TO AMEND.

If Plaintiff chooses to file an amended complaint, it must comply with the guidelines set

forth in Rule 8(a).  This rule requires that a complaint for relief include (1) a short and plain

statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  A pleading

may not simply allege a wrong has been committed and demand relief; it must state the elements

of the claim plainly and succinctly.  Plaintiff must allege with at least some degree of particularity

the facts in which defendant engaged to support the claim.  *Jones v. Cmty. Redev. Agency*, 733

1    F.2d 646, 649 (9th Cir. 1984).

2          The Court recommends that Plaintiff obtain a copy of the Court's *Handbook for Litigants*

3    *Without a Lawyer*, which is available free of charge in the Clerk's Office, or online at

4    http://cand.uscourts.gov/prosehandbk.  This handbook provides an explanation of the required

5    components of a complaint, which include the following:

6          1. Caption page
           2. Subject matter jurisdiction
7          3. Venue
           4. Intradistrict assignment
8          5. Parties
           6. Statement of facts
9          7. Claims
           8. Request for relief
10         9. Demand for jury trial
           10. Signature
11

12         Plaintiff may wish to seek assistance from the Legal Help Center, a free service of the

13   Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment

14   on the15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San

15   Francisco, California.  At the Legal Help Center, you will be able to speak with an attorney who

16   may be able to provide basic legal help but not representation.  More information is available at

17   http://cand.uscourts.gov/helpcentersf.

18         Plaintiff shall file his amended complaint by February 13, 2015.  As they have been

19   dismissed from this case, Plaintiff may not name Sau Nguyen, Massingham & Associates, Cathy

20   Mount, or they Union City Police Department as defendants.  If Plaintiff fails to file an amended

21   complaint by February 13, 2015, this action will be dismissed with prejudice under Rule 41(b).

22         **IT IS SO ORDERED.**

23

24   Dated: August 14, 2014

25                                         _____

26                                         MARIA-ELENA JAMES
                                           United States Magistrate Judge
27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY CASTRO,

          Plaintiff,

    v.

CITY OF UNION CITY, et al.,

          Defendants.

Case No.  14-cv-00272-MEJ

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on 8/14/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gary  Castro
2280 Partridge Way #3
Union City, CA 94587

Dated: 8/14/2014

Richard W. Wieking
Clerk, United States District Court

By _____

Chris Nathan, Deputy Clerk to the
Honorable MARIA-ELENA JAMES