UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CASTRO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF UNION CITY, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-00272-MEJ<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. No. 124 |

## INTRODUCTION

On October 27, 2016, Steven B. Taxman filed a Motion to Withdraw as Counsel for Plaintiff Gary Castro. Mot., Dkt. No. 124. No opposition has been filed. The Court finds this matter suitable for disposition without oral argument and **VACATES** the December 8, 2016 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the record in this case and relevant legal authority, the Court **GRANTS** the Motion for the reasons set forth below.

## BACKGROUND

Taxman represents that "[t]he attorney/client relationship has deteriorated beyond repair, since the relationship is no longer based on mutual trust and confidence." Mot. at 2. He does not provide any further details except for noting that his "withdrawal is not made for purposed of delay or any other improper purpose." *Id*. Counsel provided his certificate of service of this Motion on his client, the Plaintiff. *See id*. at 3. No party has objected to this Motion.

## LEGAL STANDARD

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a). In this District, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional

1  conduct required of members of the State Bar of California.  Civ. L.R. 11-4(a)(1); *see Nehad v.*
2  *Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to
3  attorney withdrawal).  California Rule of Professional Conduct 3-700(C) provides several
4  enumerated grounds pursuant to which counsel may properly seek to withdraw from a
5  representation.  One of these grounds is that "[t]he client . . . by other conduct renders it
6  unreasonably difficult for the member to carry out the employment effectively."  Cal. Rule of Prof.
7  Conduct 3-700(C)(1)(d).

8  The decision to permit counsel to withdraw is within the sound discretion of the trial court.
9  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  "Courts consider several factors
10 when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw;
11 (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that
12 withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal
13 will delay resolution of the case."  *Atkins v. Bank of Am., N.A.*, 2015 WL 4150744, at *1 (N.D.
14 Cal. July 9, 2015) (citing *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal.
15 Sept. 15, 2010)).

16 Before withdrawal is permitted, counsel must comply with California Rule of Professional
17 Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment until the
18 member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client,
19 including giving due notice to the client, allowing time for employment of other counsel,
20 complying with Rule 3-700(D) (regarding papers), and complying with applicable laws and rules.
21 *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).  Further,
22 "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance
23 of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject
24 to the condition that papers may continue to be served on counsel for forwarding purposes . . .
25 unless and until the client appears by other counsel or pro se."  Civ. L.R. 11-5(b).

## DISCUSSION

27 Based on the record in this case, the Court finds Taxman's withdrawal as counsel for
28 Plaintiff appropriate under the circumstances.  Taxman represents that the "client relationship has

2

deteriorated beyond repair" and "is no longer based on mutual trust and confidence." Mot. at 2. The Court agrees that such circumstances make it "unreasonably difficult for the [counsel] to carry out the employment effectively." Cal. Rule of Prof. Conduct 3-700(C)(1)(d).  Receiving no objections from any party—including Plaintiff—the Court has no grounds to believe that counsel's withdrawal will prejudice any party or materially impact the case.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Steven Taxman's Motion to Withdraw as Counsel for Plaintiff Gary Castro.  Because Plaintiff has not consented to the withdrawal and no substitution of counsel has been filed on their behalf, the Motion is granted on the condition that all papers from the Court and from other parties shall continue to be served on Mr. Taxman for forwarding purposes until a substitution of counsel is filed as provided by Civil Local Rule 11-5(b).  For all such documents, Mr. Taxman shall e-file proof of service upon Plaintiff.  No chambers copy is required.

As Plaintiff Gary Castro is now proceeding pro se, the Court directs his attention to the Handbook for Litigants Without a Lawyer, which is available free of charge in the Clerk's Office or online at http://cand.uscourts.gov/prosehandbk.  Mr. Castro may also wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

Dated: November 22, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3