UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CASTRO,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF UNION CITY, et al.,<br><br>    Defendants. | Case No. 14-cv-00272-MEJ<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 153 |

**INTRODUCTION**

Plaintiff Gary Castro seeks leave to file a motion for reconsideration of the Court's April 19, 2016 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("MSJ Order"). Mot., Dkt. No. 153; *see* MSJ Order, Dkt. No. 111. In the alternative, Plaintiff requests leave to amend his Second Amended Complaint ("SAC"). *See* Mot. The Court DENIES the Motion.

**A.   Leave to File Motion for Reconsideration**

Civil Local Rule 7-9 allows a party to seek leave to file a motion for reconsideration of any interlocutory order. As is relevant here, "[t]he moving party must specifically show reasonable diligence in bringing the motion, and . . . [a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(3).

It has been nearly two years since the Court issued its MSJ Order. Plaintiff argues he has acted diligently in seeking reconsideration (Mot. at 2); the Court cannot agree.

First, Plaintiff was represented by counsel when the Court issued its ruling. He continued to be represented by counsel until November 22, 2016, when the Court permitted counsel to

withdraw. Dkt. No. 125. Plaintiff's former counsel did not seek reconsideration during the approximately seven months between the Court's MSJ Order and the date of his withdrawal. Plaintiff argues his "failure to bring this motion with diligence is attributable to his former counsel, and the failure to bring this motion was outside the control of the Plaintiff." Mot. at 2. However, "[b]ecause the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel." *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993) (Parties are "held accountable for the acts and omissions of their chosen counsel."); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers[.]"). Plaintiff is therefore bound to his former counsel's decision not to bring (or failure to bring) a timely motion for reconsideration.[1]

Second, although the Court previously rejected Defendants' argument that this case was in "suspended animation" (*see* Dkt. No. 149), Plaintiff now attempts to argue the same (Mot. at 2). Plaintiff did not request, and the Court did not order, a stay in this case upon the withdrawal of Plaintiff's former counsel. *See* Docket. As such, while the Court allowed Plaintiff time to search for new counsel, nothing prevented Plaintiff from prosecuting his action on his own, including seeking reconsideration of the MSJ Order.

Notwithstanding the untimeliness of this Motion, Plaintiff otherwise fails to show "[a] manifest failure by the Court to consider material fact or dispositive legal arguments which were presented to the Court[.]"[2] Civ. L.R. 7-9(b)(3). Rather, Plaintiff seeks to relitigate facts which the

---

[1] Plaintiff argues his "new counsel believes he should have the opportunity to bring this motion." Mot. at 2. The fact that Plaintiff has obtained new representation does not, in and of itself, serve as a basis for Plaintiff to relitigate matters or reopen past deadlines.

[2] Plaintiff attaches to his Motion seven exhibits, which he relies upon in support of his arguments for reconsideration. *See* Mot., Exs. A-G. To the extent Plaintiff did not present any of these documents to the Court at summary judgment, Plaintiff does not explain why he was unable to do so at that time, nor why the Court should consider them now.

2

1 Court has already considered, or Plaintiff misreads the Court's MSJ Order.

2 For instance, Plaintiff argues the Court "d[id] not discuss whether or not there was probable cause under California Penal Code sections 368(c) elder abuse, and 69 resisting arrest by use of force and violence, respectively." Mot. at 8. On the contrary, the Court found "Officer Figueiredo had probable cause to arrest Plaintiff for battery, and given that fact, combined with Mr. Nguyen's advanced age, *there was likewise probable cause to charge Plaintiff with a violation of Penal Code section 368(c) for Elder Abuse*." MSJ Order at 30 (citing Cal. Penal Code § 368) (emphasis added).

Plaintiff also misinterprets the Court's ruling on his malicious prosecution claim. Plaintiff argues that although he "made clear he was brin[g]ing a federal malicious prosecution claim, . . . the Court interpreted the claim under state law." Mot. at 12. In fact, the Court held that "*[r]egardless of whether Plaintiff brings his malicious prosecution claim under state or federal law*, he cannot maintain it for trial as he has failed to raise specific facts showing that probable cause was absent for the charges against him." MSJ Order at 30 (emphasis added).

In short, the Court cannot find Plaintiff has been diligent in bringing this Motion by waiting two years after the Court issued its MSJ Order. *See, e.g.*, *Calloway v. Cal. Dep't of Corr. & Rehab.*, 2010 WL 1221883, at *2 (N.D. Cal. Mar. 24, 2010) (finding plaintiff had not acted diligently by waiting six months to file motion for leave to file motion for reconsideration). Even if Plaintiff's Motion were timely, he fails to set forth any basis for reconsideration. The Court therefore DENIES the Motion for Leave to File a Motion for Reconsideration.

**B.    Leave to Amend**

Plaintiff alternatively requests leave to amend his SAC to assert a *Monell* and supervisory liability claim. Mot. at 14.

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). Outside of this timeframe, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires."

Fed. R. Civ. P. 15(a)(2). "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted).

A court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal quotation marks omitted).

The deadline to seek leave to amend pleadings passed on May 15, 2015 – almost three years ago. Case Management Order ("CMO"), Dkt. No. 58. Discovery closed on December 29, 2015 (*id.*) and, as noted, the Court ruled on Defendants' motion for summary judgment on April 19, 2016. Trial is scheduled to begin on November 26, 2018. Am. CMO, Dkt. No. 151.

On February 22, 2016, Plaintiff stipulated to dismiss his supervisor liability claim against Chief of Police Brian Foley; his *Monell* claim remained pending. Stip., Dkt. No. 102. In addition, at summary judgment, Plaintiff did not "oppose Defendant[s'] Request for Summary Adjudication on Plaintiff's Third Cause of Action for Municipal and Supervisory Liability." MSJ Opp'n at 23, Dkt. No. 89. As discussed above, Plaintiff is bound to the acts of his former counsel. The fact that Plaintiff's new counsel does not agree with former counsel's strategy is not grounds for granting leave to amend claims which Plaintiff voluntarily dismissed or implicitly agreed should be dismissed more than two years ago. Not only would Plaintiff's eleventh-hour request to amend his SAC be highly prejudicial to Defendants, the Court cannot find Plaintiff's attempt to renege on the stipulation to be in good faith. The Court DENIES Plaintiff's Motion for Leave to Amend.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion. Plaintiff cannot relitigate this case simply because he has obtained new counsel.

**IT IS SO ORDERED.**

Dated: April 3, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge

4